UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RYAN P. CASEY,<br><br>      Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>      Defendant. | No. EDCV 05-547 FFM<br><br>MEMORANDUM DECISION AND ORDER |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying his application for Social Security Disability and Supplemental Security Income Disability Benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the case management order entered on June 23, 2005, the parties filed a joint stipulation detailing each party's arguments and authorities on March 1, 2006. The Court has reviewed the administrative record, filed by defendant on December 27, 2005, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is reversed and remanded for further proceedings.

/ / /

/ / /

## PROCEDURAL HISTORY

On February 19, 2003, plaintiff filed applications for social security disability insurance benefits and supplemental security income payments. Plaintiff alleged a disability onset of November 22, 2002. Plaintiff's claim was denied initially and on reconsideration. Plaintiff timely requested a hearing by an administrative law judge ("ALJ"). ALJ L. Kalei Fong held a hearing on December 1, 2004. Plaintiff appeared with counsel and testified at the hearing.

On February 7, 2005, the ALJ issued a decision denying benefits. Plaintiff sought review of this decision before the Appeals Council, who denied the request for review on April 26, 2005. Plaintiff commenced the instant action on June 22, 2005.

## CONTENTIONS

Plaintiff raises three issues in this action:

1. Whether the ALJ properly considered the treating physician's opinion regarding plaintiff's functional status;

2. Whether the ALJ should have obtained vocational testimony; and

3. Whether the ALJ improperly held that plaintiff's psychotic disorder is non-severe.

Plaintiff contends that the record contains opinions from two treating physicians, Geetha Paladugu, M.D. and Dean Nguyen, M.D. Neither of these doctors is mentioned in the ALJ's decision. According to plaintiff, notes in the record from Dr. Paladugu support a finding of severe impairment. Specifically, plaintiff refers to notations stating "isolating self, paranoia, crying spells, losing wt, tired, poor concentration, helplessness." (AR 233). Plaintiff also points to a GAF rating of 43 determined by Dr. Paladugu on May 28, 2003. (AR 240).

With respect to Dr. Nguyen, plaintiff contends that a note from him contained in the record indicates a GAF rating of 50. (AR 263).

Plaintiff contends that the ALJ failed to consider these opinions in making the

determination of a non-severe impairment.  It is well established in this Circuit that a treating physician's opinion is entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual.  *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record.  20 C.F.R. §§ 404.1527 and 416.927(d)(2).  Where the treating physician's opinion is controverted by the opinion of other physicians of record, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on substantial evidence of record.  *Magallanes*, 881 F. 2d at 751; *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987).

     It appears from the sparse documents relating to Dr. Paladugu that are contained in the record, that Dr. Paladugu was a treating physician.  In this regard, notes in the record indicate that Dr. Paladugu saw plaintiff on at least five occasions between May 14, 2003 and March 27, 2004.  Therefore, the ALJ should have considered Dr. Paladugu's notes.  Given that Dr. Paladugu's conclusions appear to be based on plaintiff's self reporting, it may be that the ALJ rejected the conclusions on that basis. *See Sandgathe v. Chater*, 108 F. 3d 978, 980 (9th Cir. 1997) (ALJ may legitimately accord less weight to, or reject, the opinion of a doctor based on the self reporting of an unreliable claimant where that claimant's complaints have been properly discounted).  Nonetheless, the decision contains no suggestion that the ALJ even considered Dr. Paladugu's conclusions.  On remand, the ALJ should address Dr. Paladugu's conclusions.

     With respect to Dr. Nguyen, it does not appear that Dr. Nguyen was a treating physician for purposes of applying any deference to his opinion.  The record indicates one visit.  (AR 263).  Dr. Nguyen's notes reflect that the plaintiff was a "walk-in" who

requested medication. There is no indication that Dr. Nguyen ever saw plaintiff again. Hence, the ALJ was not required to make findings setting forth specific and legitimate reasons based on substantial evidence of record for rejecting Dr. Nguyen's opinion.

Plaintiff also contends that the ALJ erred by not requiring the testimony of a vocational expert witness. However, such testimony is not required where a plaintiff fails to prove an inability to return to past relevant work. On remand, vocational testimony may or may not be appropriate depending on the ALJ's findings as to plaintiff's ability to return to his past relevant work.

Finally, plaintiff contends that the finding that plaintiff's psychotic disorder is not a severe impairment should be reversed. Plaintiff relies heavily on the notes in the record of Dr. Paladugu to support this contention. However, given the conclusion of no severe impairment reached by Dr. Smith, substantial evidence supports the finding. *See Moore v. Apfel*, 216 F.3d 864, 867 (9th Cir. 2000).

For the foregoing reasons, the judgement of the Commissioner is reversed and the matter is remanded pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings.

IT IS SO ORDERED.


DATED:  September 1, 2006                              /S/ Frederick F. Mumm
                                                                         FREDERICK F. MUMM
                                                                       United States Magistrate Judge